Bowerman Brothers  
vs.     No. 60954  
Thomas J. H. Pierce, et al.

October 4, 1927.

SUMNER, J. Plaintiff brought suit against the defendant for the construction of a house and the jury returned

a verdict for the plaintiff for $8,477.13. Subsequently the plaintiff moved that $3,136.54 be added to the amount of the verdict as representing interest upon the claim from the date of the demand to the date of the rendition of the verdict.

Plaintiff presents an affidavit signed by the twelve members of the jury in which they state: "that the jury voted and decided that the plaintiffs were entitled to recover interest on the amount of the above verdict from the date of the demand for payment; but the jury did not compute and add the interest for the reason that we understood that it was the right and duty of the Court to compute the interest to which the plaintiffs were entitled and to add the same to the verdict which we rendered."

The plaintiff cites authorities showing the right of the Court to amend a verdict under varying circumstances.

There is a rule referred to in *Minot* vs. *Boston,* 201 Mass. page 10, which says that "if the verdict as recorded does not state with technical accuracy the jury's finding upon the real issues tried and the Court can see how it should be corrected, it will reject what is surplusage or in some proper mode make it conform to the real issue tried," and under that rule the Court has corrected verdicts.

In *Randall* vs. *Peerless,* &c., 212 Mass. 352, it says that "a clerical error in the statement of the conclusions of a jury established by *uncontroverted* evidence may be corrected."

And in New York there is apparently a rule that allows interest to be added to the amount of the verdict where the interest period is clear and undisputed.

In *Delafield* vs. *Armsby Co.,* 109 N. Y. Sup. 314, the Court says that "a verdict for a specified sum with interest is not subject to accurate computation in the absence of something to indicate from what date the interest is to be computed; that the complaint claims interest from a certain date not warranting the inference that the jury had that date in mind."

In *Schnaufer* vs. *Ahr,* 53 Misc. N. Y. 299, the Court says: "Even assuming that the jury intended to allow some interest on the claim, the 'date from which interest would have been allowed and, consequently, the amount of such interest are not clearly shown."

In Rhode Island, the Court says, in *Lashua* vs. *Markham,* 21 R. I. 492, where the jury returned a verdict "for $125 with interest at 6%", that "the verdict in respect to interest is too uncertain for computation because it does not state the time for which interest is to run. Even if the verdict had been sufficiently accurate in this respect, before the verdict is taken, interest should be computed and included in the amount for which the verdict is returned."

The practice in this State has been to include the interest in the amount of the verdict and there is a question in the mind of the Court as to whether under the decision in the Lashua case a verdict can be amended to include the interest even if there is no doubt as to the amount of the interest.

In the case at bar there is a question as to the period for which interest should be computed because of a difference in the testimony of the plaintiff and the defendant. The plaintiff, Frank H. Bowerman testified that he presented a bill of $8,477.33 to the defendant in January, 1921. In cross-examination he says that "around the first of the year 1921" he presented this bill for $8,477.33 but cannot give the exact date.

The defendant, Mr. Peirce, says that Mr. Bowerman brought him a bill in the early part of December, 1920, when he came to his house, and that that is the only bill that was ever rendered him by the plaintiff; the amount of that bill was $8,977.33.

Accordingly, even under the rule laid

down in the New York and Massachusetts decisions, the Court does not see how the amount of the interest can be added as it is a disputed fact when the demand was actually made upon the defendant to pay the bill. The interest might have been figured by the jury from some day in December, 1920, or from some day in January, 1921.

The Court does not know which of those two dates, if either, the jury had in mind when they spoke of the date of the demand for payment in their affidavit. They did not fix the date of the demand and where the date is in dispute, the Court can not fix it for them.

Accordingly the motion of the plaintiff must be denied.

For plaintiff: Wilson, Churchill & Curtis.

For defendant: Herbert E. Eklund and W. W. Blodgett.

